IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:05cr00090 |
| ) | |
| DAVID BERNARD TODD, III, ) | Judge Thomas A. Wiseman, Jr. |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant David Bernard Todd, III's Motion for New Trial (Doc. No. 83). Defendant has filed a Memorandum of law in support of his motion (Doc. No. 84), and the Government has filed its response in opposition thereto (Doc. No. 91). The motion is therefore ripe for consideration.

In March 2004, prior to federal charges being brought against the Defendant, Judge Cheryl Blackburn of the Davidson County Criminal Court issued a search warrant authorizing the search of Defendant's residence. Evidence obtained in the course of execution of that warrant was later used to support federal charges against the Defendant, and he was ultimately tried and convicted by a jury on a seven-count indictment in this Court on June 1, 2007 (Doc. No. 70). Evidence obtained through the search warrant was introduced against the Defendant during trial.

Defendant now asserts that he has recently discovered that Judge Blackburn was biased against him and therefore was not a "neutral and detached magistrate" at the time she issued the search warrant. On that basis of this "newly discovered evidence" of Judge Blackburn's supposed bias, Defendant argues that the warrant itself was void *ab initio* and that he is therefore entitled to a new trial, in accordance with Rule 33 of the Federal Rules of Criminal Procedure, excluding any evidence obtained through that warrant and used against him at trial. For the reasons set forth below, the Court will deny Defendant's motion.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Years before issuance of the search warrant that is the subject of Defendant's motion, Defendant appeared twice before Judge Blackburn as a witness. First, on March 27, 1997, Defendant testified at a bond hearing before Judge Blackburn in the case of *Tennessee v. Radley*, 97-A-350, Div. III, Crim. Ct.

Davidson County Tennessee. (Doc. No. 91-1, at 2–11.) Subsequently, on July 18, 2001, Defendant testified in front of Judge Blackburn in a post-conviction hearing on behalf of Corey Radley in the same case. (Doc. No. 91-3, at 13–25; Doc. No. 91-4, at 1–8.) At the post-conviction proceeding, Radley sought a new trial based on ineffective assistance of counsel, claiming that his prior counsel should have introduced alibi evidence (through Defendant Todd) at his trial. Specifically at issue in the post-conviction proceeding was Defendant's credibility as a potential alibi witness. Judge Blackburn determined that Radley was not entitled to post-conviction relief, and that his prior counsel had not introduced Defendant's alibi testimony because the attorney himself believed Defendant was lying. (*See* Doc. No. 83-2, at 8.)

Years later, Judge Blackburn issued the search warrant that is the subject of Defendant's motion. That warrant directed police officers to a two-story brick home located at 2390 Manor Drive (the "Bellevue Residence") in Nashville, Tennessee, which was allegedly owned by Defendant's mother, Lorraine Todd, and occupied by the Defendant. (Doc. No. 83-1.) The warrant was based upon an Affidavit executed by Criminal Investigator Stanley Jablownski, who at the time the warrant was issued had five and a half years of experience in the criminal-fraud field. (Doc. No. 83-1.) The Affidavit details Jablownski's investigation into the purported sale of the Bellevue Residence by Loraine Todd to Younus and Narseen Razzaq, and Defendant's alleged involvement in real estate and mortgage fraud related to the sale. The search conducted under the authority of the search warrant obtained by Jablownski returned several items that were used as evidence against Defendant in the trial before this Court.

Defendant was indicted in this Court on federal charges on May 4, 2005 in a seven-count indictment. (Doc. No. 1.) On May 15, 2006, Defendant moved to suppress the evidence discovered at the Bellevue Residence during execution of the search warrant. (Doc. No. 30.) The motion to suppress did not address Judge Blackburn's prior opportunities to assess Defendant's credibility when he testified before her. Defendant asserts that at that time he did not know that Judge Blackburn had previously formed an opinion regarding his credibility. This Court denied the motion to suppress and on June 1, 2007, after a four-day trial, Defendant was convicted by a jury on all seven counts of the indictment. (*See* Doc. No. 70.)

On July 13, 2007, after his conviction in this Court, Defendant and his attorney appeared before Judge Blackburn in connection with state charges arising out of the same set of facts. Judge Blackburn

informed Defendant and his attorney on that date that she remembered the Defendant as having appeared before her as a witness at a bond hearing and later at a post-conviction hearing in the case of *Tennessee v. Radley*. Judge Blackburn disclosed that both times Defendant testified before her, she considered him not to be a credible witness. (*See* Doc. No. 83-2 (Transcript of 7/13/2007 Proceedings before Judge Blackburn).) After making this disclosure and discussing with counsel the circumstances under which she had formed an opinion about Defendant's credibility, or lack thereof, Judge Blackburn recused herself from the state-court proceedings against him.

Several months later, Defendant filed his present Motion for New Trial in which he contends that the fact that Judge Blackburn, at the time she authorized the search warrant, had already formed a bias against him is "newly discovered evidence" that entitles him to a new trial. In a nutshell, Defendant argues that Judge Blackburn's bias rendered the search warrant invalid and requires exclusion of any evidence obtained through it.

**II.     DISCUSSION AND ANALYSIS**

Rule 33 of the Federal Rules of Criminal Procedure provides that a district court may grant a new trial to a defendant "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Motions for new trials based on newly discovered evidence are generally disfavored. *United States v. Allen*, 748 F.2d 334, 337 (6th Cir. 1984). The Sixth Circuit has articulated four distinct factors a defendant must show before a new trial on the basis of newly discovered evidence will be granted:

      (1)  the new evidence was discovered after the trial;

      (2)  the evidence could not have been discovered earlier with due diligence;

      (3)  the evidence is material and not merely cumulative or impeaching; and

      (4)  the evidence would likely produce an acquittal.

*United States v. O'Dell,* 805 F.2d 637, 640 (6th Cir.1986) (citing *United States v. Barlow*, 693 F.2d 954, 966 (6th Cir. 1982)). The defendant has the burden of proving that the district court should grant a new trial. *United States v. Pierce*, 62 F.3d 818, 823 (6th Cir. 1995). If the defendant fails to prove any one of the four factors, then the motion for a new trial must be denied. *Cf. United States v. Sims*, 156 F. Supp. 2d 655, 659 (E.D. Mich. 2001) (citing *United States v. Freeman*, 77 F.3d 812, 817 (5th Cir. 1996)).

In response to Defendant's motion, the Government argues that Defendant here is not entitled to a new trial because he either knew or could have discovered through due diligence Judge Blackburn's prior opinion about him, since her opinions were a matter of public record. The Court agrees. Even more critically, however, Defendant cannot show that the supposedly new evidence is material or that, if previously known, it would likely have produced an acquittal in this case.

### A. Plaintiff Knew of or Reasonably Could Have Discovered the Evidence Earlier

The "new" evidence Defendant seeks to introduce is Judge Blackburn's alleged bias against him when she executed the search warrant for his residence. At the time this matter went to trial, however, Defendant already knew or should have known that Judge Blackburn was the judge who signed the search warrant, as her signature is clearly visible on the warrant and accompanying affidavit, both of which were available to Defendant before trial. According to Defendant's testimony at the hearing during which Judge Blackburn recused herself, Defendant apparently recalled that he had previously testified before Judge Blackburn. Moreover, Judge Blackburn's comments regarding his credibility are reflected in a transcript of the post-conviction hearing, and are thus part of the public record.

Specifically, Judge Blackburn made the following statement regarding the testimony of Defendant and his then-girlfriend, Angelia Cowen:

> THE COURT: . . . . I will say this though with regard to the testimony about the alibi. . . . [I]t seems to me very important when a juror is having to decide the credibility of witnesses, and that is the credibility of the State's proof of Ms. Jenkins [an eye witness] versus the credibility of Mr. Radley's witnesses [*i.e.*, Mr. Todd and Ms. Cowen] that would say he was here engaged in a money laundering scheme versus he was here committing a crime, they have to evaluate the truthfulness of those witnesses. Those witnesses [Mr. Todd and Ms. Cowen], though they are making statements against penal interest . . . tells me that the jury might also consider that they were willing to lie to the government. They were willing to lie to a car dealer. They were willing to lie in order to shade this transaction. Would they not be willing to lie when they came into court, because that is what the jury would be considering it for. . . .

(Doc. No. 91-6, at 22.) Judge Blackburn issued a written order on November 19, 2001 denying Radley's request for post-conviction relief. Radley filed a notice of appeal to the Tennessee Court of Criminal Appeals, Case No. M2001-03066-CCA-R3-PC, on November 29, 2001. The transcripts of Radley's post conviction hearing was made a part of the lower court's record on appeal, which was filed with the appellate court clerk on March 28, 2002.

It does not take much of a stretch of the imagination to infer from Judge Blackburn's statement that she had formed a negative opinion of the Defendant's credibility as a result of his testifying before her. That opinion of Defendant's credibility was part of the public record for over three years before Defendant was indicted. With a modicum of due diligence, Defendant could have discovered the evidence of Judge Blackburn's assessment of his credibility prior to trial. Moreover, Defendant was obviously aware that his testimony regarding Radley's alibi did not persuade Judge Blackburn to grant Radley's petition for post-conviction relief.

Accordingly, the evidence in question either was not "new" or else it could have through due diligence been discovered prior to Defendant's trial in this Court. On that basis alone, Defendant's motion must be denied.

      **B.**      **The "New" Evidence Is Not Material and Would Not Lead to an Acquittal.**

To be valid, a search warrant must be issued by a "neutral and detached magistrate." *Shadwick v. City of Tampa*, 407 U.S. 345, 350 (1972). The Sixth Circuit has identified two situations in which a magistrate will not be considered "neutral and detached": (1) when she has a personal, direct or monetary interest in the outcome of the case; or (2) she is acting primarily in a law-enforcement capacity. *United States v. Bowers*, 828 F.2d 1169, 1174–75 (6th Cir. 1987) (finding that a district court judge's judicial supervision of a city water and sewerage department pursuant to a federal court receivership did not render the judge incapable of being "neutral and detached" even when issuing warrants for wiretaps in a criminal investigation of that same department, because the judge had no personal financial interest in the operation nor was he trying to raise money for his court or the receivership). In *Bowers*, the Sixth Circuit also found that the judge in question was not biased by the performance of his duties as a receiver, and his actions "would not serve to disqualify him, because 'a judge's alleged bias must emanate from some extrajudicial source' rather than from participation in judicial proceedings." *Id.* at 1175 (quoting *Demjanjuk v. Petrovsky*, 776 F.2d 571, 577 (6th Cir. 1985)); *see also United States v. Barry-Scott*, No. 05-4464, 2007 WL 3129723, at *8 (6th Cir. Oct. 25, 2007) (judge issuing warrant found to be neutral and detached even though he had previously represented defendant and her husband on criminal charges and was aware of their drug activities).

In this case, the crux of Defendant's argument is that Judge Blackburn, having formed a prior negative opinion about his credibility, was not a "neutral and detached magistrate" when she issued the search warrant and that, as a result, the search warrant was void *ab initio*. On that basis, Defendant claims he is entitled to a new trial excluding from evidence any information obtained through execution of the warrant. Defendant has not, however, argued that Judge Blackburn had a personal or direct interest in the outcome of his case or that she was acting in a law enforcement capacity when she authorized the warrant. Likewise, Defendant has not shown that Judge Blackburn's opinion regarding his credibility had any effect on her assessment of Investigator Jablownski's credibility when he attested to the factual basis that provided probable cause for issuance of the warrant in the first place. There is certainly no evidence in the record that Judge Blackburn questioned (or had any reason to question) Jablownski's credibility, nor do Defendant's allegations of bias suggest that Judge Blackburn at any time abandoned her judicial role or otherwise compromised her impartiality when she issued the warrant. Further, the warrant was clearly supported by probable cause, as this Court has previously determined (Doc. No. 44, at 7—8).

In sum, the allegedly "new" evidence of bias in this case is not sufficient to overcome the presumption that Judge Blackburn acted as a "neutral and detached magistrate" when she issued the search warrant. As such, the "new" evidence is not material and, even if introduced earlier, would not have lead this Court to conclude that the warrant was void or that the evidence obtained through it must be excluded. Consequently, the "new" evidence, even if it had been discovered earlier, could not have affected the outcome of Defendant's trial.

### III. CONCLUSION

Because Defendant has failed to meet the elements required by the Sixth Circuit for establishing that he is entitled to a new trial based upon supposedly "newly discovered evidence," Defendant's Motion for New Trial will be denied.

An appropriate Order will enter.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge